

## MIAMI-DADE COUNTY CLERK OF THE COURTS
### LUIS G. MONTALDO, CLERK AD INTERIM

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

| LISA MARGO GUERTIN VS MHM HEALTH PROFESSIONALS, LLC | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-019376-CA-01 | **Filing Date:** | 10/08/2022 |
| **State Case Number:** | 132022CA019376000001 | **Judicial Section:** | CA21 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

### ☰ Related Cases
Total Of Related Cases: 0  —

| Case Number | Filing Date | Case Type |
|---|---|---|
| | | |

### 👥 Parties
Total Of Parties: 3  —

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Margo Guertin, Lisa | **B#:** (Bar Number)851701 <br> **N:** (Attorney Name)Chad E Levy | |
| Defendant | MHM HEALTH PROFESSIONALS, LLC | | |
| Defendant AKA | CENTURION PROFESSIONALS | | |

### ✎ Hearing Details
Total Of Hearings: 1  —

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|
| 06/30/2023 | 8:00AM | CALND | Calendar Call | |

### 🔊 Dockets
Total Of Dockets: 13  —

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 06/30/2023 | | Calendar Call | Hearing | |
| 📄 | 13 | 02/14/2023 | | Notice Or Stipulation Designating Mediator | Event | |
| 📄 | 11 | 02/10/2023 | | Order Denying Motion | Event | **TO AMEND TRIAL PERIOD AND PRETRIAL DEADLINES** |

Composite Exhibit A

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 12 | 02/09/2023 | | Motion to Amend | Event | **TRIAL.** |
| 📄 | 10 | 01/30/2023 | | Order Setting Jury Trial with Mediation Referral | Event | **07-10-2023** |
| 📄 | 9 | 12/13/2022 | | Notice of Interrogatory | Event | |
| 📄 | 8 | 12/08/2022 | | Answer and Demand for Jury Trial | Event | |
| 📄 | 7 | 11/09/2022 | | Order Setting CM Deadline | Event | |
| 📄 | 6 | 10/25/2022 | | Waiver: | Event | |
| 📄 | 5 | 10/14/2022 | | Amended Complaint | Event | |
| 📄 | 4 | 10/13/2022 | | Receipt: | Event | RECEIPT#:3090258 AMT PAID:$401.00 NAME:CHAD E LEVY LAW OFFICES OF LEVY & LEVY, P.A. LEVY & LEVY, P.A. SUNRISE FL 33323-2871 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:10/13/2022 REGISTER#:309 CASHIER:EFILINGUSER |
| 📄 | 2 | 10/08/2022 | | Complaint | Event | |
| 📄 | 1 | 10/08/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Composite Exhibit A

About Us



Luis G. Montaldo
Clerk Ad Interim

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2023 Clerk of the Courts. All rights reserved.



Composite Exhibit A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

     **I.**    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Lisa Margo Guertin</u>
Plaintiff

vs.

<u>Centene Corporation</u>
Defendant

Case # _____
Judge _____

---

     **II.**    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

     **III.**    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Composite Exhibit A

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☒ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

Composite Exhibit A

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   3

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Chad E. Levy           Fla. Bar # 851701
    Attorney or party           (Bar # if attorney)

Chad E. Levy           10/08/2022
  (type or print name)          Date

**Composite Exhibit A**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LISA MARGO GUERTIN,                          CASE NO.:

       Plaintiff,

vs.

CENTENE CORPORATION,

       Defendant.

_____/

## COMPLAINT

Plaintiff, LISA MARGO GUERTIN ("Plaintiff"), by and through her undersigned counsel, sues Defendant, CENTENE CORPORATION ("Defendant"), and alleges as follows:

## INTRODUCTION

1.    This is a proceeding for damages to remedy discrimination on the basis of age and handicap affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act of 1992, Florida Statutes §760, et seq. ("FCRA").

## JURISDICTION

2.    Jurisdiction is invoked pursuant to the FCRA.

## VENUE

3.    The claims asserted herein arose in this judicial circuit.

## PARTIES

4.    At all times material hereto, the Plaintiff is a citizen of the United States, resident of this judicial circuit and an employee or former employee of the Defendant.

Composite Exhibit A

5.      At all times material hereto, the Defendant is operating in this judicial circuit, was the employer or former employer of the Plaintiff, and is an employer as defined by the FCRA.

6.      The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the FCRA.   Specifically, Plaintiff filed her charge of discrimination with the US EEOC and the Florida Commission on Human Relations on or about March 21, 2022.   Pursuant to Fla. Stat. 760.11(8), Plaintiff has exhausted her pre-suit administrative remedies.

### STATEMENT OF FACTS

7.      The Plaintiff, age 59, was an employee of the Defendant since 2017 as a Psychiatric nurse practitioner, ARNP, at the Homestead Correctional facility.

8.      Notably, Plaintiff had previously worked at the Everglades Correctional facility for a number of years and was a satisfactory employee in the past period of employment, and the period at issue.

9.      However, on October 9, 2020, Plaintiff was involved in an accident that ended up damaging her hearing to the point where she was required to wear hearing aids, which the Defendant was aware of.

10.      Plaintiff was still able to perform the essential functions of her position with her disability, but needed a brief of absence before she could resume duties as an accommodation.

11.      Without explanation, following her return to work from the accident in May of 2021, Plaintiff's position became a PRN, an as needed position without benefits, depriving her of the accommodation request to maintain her position for a brief period.

12.      Moreover, Plaintiff was downgraded to only two days per week.

13.      Despite the reduction in pay and benefits, Plaintiff performed her position to the

2

best of her abilities despite her disability.

14.    Four months later, in September of 2021, Plaintiff was notified that her hours would be further reduced.

15.    Unable to work with so few hours, Plaintiff recognized an open full time ARNP position at the Everglades location, which she attempted to apply for but initially had an IT issue that had to be corrected.

16.    On January 11, 2022, Plaintiff received a call from the Director of Mental Health, Dr. Karlene Sturgis, thanking Plaintiff for a Christmas gift, at which point, Plaintiff advised Dr. Sturgis that she was applying for the open position.

17.    Dr. Sturgis stated that a young new graduate nurse practitioner at the Everglades location was also applying for the ARNP position and that Plaintiff had some "competition", despite Plaintiff working there before her disability for years without issue.

18.    Three days later, Plaintiff received an email that she was terminated without reason, before she ever received the corrected IT information to complete the transfer request.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT OF 1992-DISABLITY DISCRIMINATION**

Plaintiff incorporates by reference paragraphs 1 through 18 herein and states as follows:

19.    The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment because of her handicap.

20.    The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

21.    As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

Composite Exhibit A

WHEREFORE, the Plaintiff, LISA MARGO GUERTIN, requests that judgment be entered against the Defendant, CENTENE CORPORATION, for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

<u>**COUNT II**</u>
<u>**FLORIDA CIVIL RIGHTS ACT OF 1992-FAILURE TO ACCOMODATE**</u>

Plaintiff incorporates by reference paragraphs 1 through 18 herein and states as follows:

22.     The Plaintiff suffered from a disability yet was a qualified individual.

23.     Defendant had knowledge of Plaintiff's disability.

24.     Plaintiff requested reasonable accommodations from the Defendant in order to remain employed in the same position with the Defendant while disabled.

25.     Reasonable accommodations existed that would have allowed Plaintiff to perform the essential functions of her position.

26.     Defendant failed to provide this reasonable accommodation.

27.     The unlawful practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

28.     As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, LISA MARGO GUERTIN, requests that judgment be entered against the Defendant, CENTENE CORPORATION, for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

4

Composite Exhibit A

<u>**COUNT III**</u>
<u>**FLORIDA CIVIL RIGHTS ACT OF 1992-AGE**</u>

Plaintiff incorporates by reference paragraphs 1 through 18 herein and states as follows:

29.     The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment because of her age.

30.     The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

31.     As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, LISA MARGO GUERTIN, requests that judgment be entered against the Defendant, CENTENE CORPORATION, for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff demands a jury trial.

Dated: October 8, 2022.          Law Offices of Levy & Levy, P.A.
                                 1000 Sawgrass Corporate Parkway, Suite 588
                                 Sunrise, Florida 33323
                                 Telephone: (954) 763-5722
                                 Facsimile: (954) 763-5723
                                 *Counsel for Plaintiff*

                                 */s/ Chad Levy*
                                 CHAD E. LEVY, ESQ.
                                 chad@levylevylaw.com
                                 Secondary: assistant@levylevylaw.com
                                 F.B.N.: 0851701
                                 DAVID M. COZAD, ESQ.
                                 david@levylevylaw.com
                                 F.B.N.: 333920

5

Composite Exhibit A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LISA MARGO GUERTIN,                           CASE NO.: 2022-019376-CA-01

      Plaintiff,

vs.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, LISA MARGO GUERTIN ("Plaintiff"), by and through her undersigned counsel, sues Defendant, MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS ("Defendant"), and alleges as follows:

### INTRODUCTION

1.      This is a proceeding for damages to remedy discrimination on the basis of age and handicap affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act of 1992, Florida Statutes §760, et seq. ("FCRA").

### JURISDICTION

2.      Jurisdiction is invoked pursuant to the FCRA.

### VENUE

3.      The claims asserted herein arose in this judicial circuit.

### PARTIES

4.      At all times material hereto, the Plaintiff is a citizen of the United States,

**Composite Exhibit A**

resident of this judicial circuit and an employee or former employee of the Defendant.

5.      At all times material hereto, the Defendant is operating in this judicial circuit, was the employer or former employer of the Plaintiff, and is an employer as defined by the FCRA.

6.      The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the FCRA.  Specifically, Plaintiff filed her charge of discrimination with the US EEOC and the Florida Commission on Human Relations on or about March 21, 2022.  Pursuant to Fla. Stat. 760.11(8), Plaintiff has exhausted her pre-suit administrative remedies.

## STATEMENT OF FACTS

7.      The Plaintiff, age 59, was an employee of the Defendant since 2017 as a Psychiatric nurse practitioner, ARNP, at the Homestead Correctional facility.

8.      Notably, Plaintiff had previously worked at the Everglades Correctional facility for a number of years and was a satisfactory employee in the past period of employment, and the period at issue.

9.      However, on October 9, 2020, Plaintiff was involved in an accident that ended up damaging her hearing to the point where she was required to wear hearing aids, which the Defendant was aware of.

10.     Plaintiff was still able to perform the essential functions of her position with her disability, but needed a brief of absence before she could resume duties as an accommodation.

11.     Without explanation, following her return to work from the accident in May of 2021, Plaintiff's position became a PRN, an as needed position without benefits, depriving her of the accommodation request to maintain her position for a brief period.

12.     Moreover, Plaintiff was downgraded to only two days per week.

2

Composite Exhibit A

13.    Despite the reduction in pay and benefits, Plaintiff performed her position to the best of her abilities despite her disability.

14.    Four months later, in September of 2021, Plaintiff was notified that her hours would be further reduced.

15.    Unable to work with so few hours, Plaintiff recognized an open full time ARNP position at the Everglades location, which she attempted to apply for but initially had an IT issue that had to be corrected.

16.    On January 11, 2022, Plaintiff received a call from the Director of Mental Health, Dr. Karlene Sturgis, thanking Plaintiff for a Christmas gift, at which point, Plaintiff advised Dr. Sturgis that she was applying for the open position.

17.    Dr. Sturgis stated that a young new graduate nurse practitioner at the Everglades location was also applying for the ARNP position and that Plaintiff had some "competition", despite Plaintiff working there before her disability for years without issue.

18.    Three days later, Plaintiff received an email that she was terminated without reason, before she ever received the corrected IT information to complete the transfer request.

<u>**COUNT I**</u>
<u>**FLORIDA CIVIL RIGHTS ACT OF 1992-DISABLITY DISCRIMINATION**</u>

Plaintiff incorporates by reference paragraphs 1 through 18 herein and states as follows:

19.    The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment because of her handicap.

20.    The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

3

Composite Exhibit A

21.     As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, LISA MARGO GUERTIN, requests that judgment be entered against the Defendant, MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS, for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

### COUNT II
### FLORIDA CIVIL RIGHTS ACT OF 1992-FAILURE TO ACCOMODATE

Plaintiff incorporates by reference paragraphs 1 through 18 herein and states as follows:

22.     The Plaintiff suffered from a disability yet was a qualified individual.

23.     Defendant had knowledge of Plaintiff's disability.

24.     Plaintiff requested reasonable accommodations from the Defendant in order to remain employed in the same position with the Defendant while disabled.

25.     Reasonable accommodations existed that would have allowed Plaintiff to perform the essential functions of her position.

26.     Defendant failed to provide this reasonable accommodation.

27.     The unlawful practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

28.     As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, LISA MARGO GUERTIN, requests that judgment be entered against the Defendant, MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION

4

PROFESSIONALS, for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

**COUNT III**
**FLORIDA CIVIL RIGHTS ACT OF 1992-AGE**

Plaintiff incorporates by reference paragraphs 1 through 18 herein and states as follows:

29.     The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment because of her age.

30.     The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

31.     As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, LISA MARGO GUERTIN, requests that judgment be entered against the Defendant, MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS, for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

5

Composite Exhibit A

Dated: October 14, 2022.       Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920

Composite Exhibit A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LISA MARGO GUERTIN,                           CASE NO.: 2022-019376-CA-01

            Plaintiff,

vs.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

            Defendant.
_____/

### WAIVER OF SERVICE OF SUMMONS

**TO:   Chad E. Levy, Esq.**
**Law Offices of Levy & Levy, P.A.**
**1000 Sawgrass Corporate Parkway**
**Suite 588**
**Sunrise, Florida 33323**

I acknowledge receipt of your request that I waive service of a summons addressed to

MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS

("Defendant") in the above styled case.  I have also received a copy of the complaint in the

action, two copies of this instrument, and a means by which I can return the signed waiver to you

without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint

in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with

judicial process in the manner provided by Rule 1.070.

1

Composite Exhibit A

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the Defendant (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

| | |
|---|---|
| October 18, 2022 | *Brett Lane* |
| Date | Signature |

Printed/typed name:   Brett T. Lane, Esq.
Centurion
1447 Peachtree St., NE
Suite 500
Atlanta, GA 30309
Direct: 678.487.6759
Fax: 404.745.8897
btlane@teamcenturion.com

\*      Duty to Avoid Unnecessary Costs of Service of Summons

Rule 1.070(i) of the Florida Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if they summons had been actually served when the request for waiver of service was received.

Composite Exhibit A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-019376-CA-01
SECTION: CA21
JUDGE: David C. Miller

**Lisa Margo Guertin**

Plaintiff(s)

vs.

**MHM HEALTH PROFESSIONALS, LLC**

Defendant(s)

_____/

## ORDER TO COMPLETE AND COMPLY WITH CASE SCHEDULING AND MANAGEMENT ORDER

    **THIS CAUSE** came before the Court to review and do case management. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., **the Parties**, **with the Court's assistance, if necessary**, will establish a **Completed Case Scheduling/Management Order**. Therefore, it is;

    **ORDERED and ADJUDGED** as follows:

1. The Parties shall determine and complete the CASE SCHEDULE below, to extent they can agree on one or all of the To-Dos in this matter and set the Deadlines for as many as can be agreed on. If there is/are any Deadlines for the Parties To-Dos that cannot be agreed on, the Plaintiff's Counsel shall set a hearing if necessary for the Court to decide the Deadlines.

2. ***The Plaintiff's Counsel shall file the entire completed Scheduling/Management Order as a*** <ins>***Completed Case Scheduling/Management Order***</ins> ***through Court Map for execution and rendering by the Court within 60 days of the entry of the Order or the appearance of the first Defendant whichever occurs last.*** The **Plaintiff's Counsel** will bear the burden of ensuring this Order is complied with and the entire scheduling/management order with completed table of to dos and deadlines is filed, <ins>but that will not</ins> determine who may be ultimately responsible for any lack of compliance with this Order.

3. The Parties shall strictly comply with the deadlines in the Schedule (which shall supersede any contrary or different Trial Order Deadline – **not as to the trial date or date of the calendar call which are determined by the Trial Order**) and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this Order. If your case does not go to Trial, it will most probably be sent to Non-Binding

Arbitration.

4. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties will be required to strictly comply with **the Completed Case Scheduling/Management Order**.

5. The parties may not agree to extend any of the deadlines contained in the **Completed Case Scheduling/Management Order**.  Deadlines may only be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

6. **The following To-Dos and Deadlines are to be determined by Agreement of the Parties, filled in, and returned to the Court for execution and rendering OR the Court will determine and fill in such To-Dos and Deadlines:**

| CASE SCHEDULE | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Composite Exhibit A

|  |  |
|---|---|
|  |  |
|  |  |

CASE MANAGEMENT PROCEDURES

7. **<u>Duty to Communicate</u>**:  Prior to filing any Motion, counsel shall **confer** with each other directly in good faith, **_<u>not through staff</u>_**, to attempt to narrow or resolve issues.  "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

8. **<u>Scheduling of Hearings</u>**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  The Court may rule upon the Motions on the papers filed for the Court's review.

9. **<u>Compelling Discovery where there has been no response</u>**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These Motions shall be submitted via CourtMAP with supporting documents and shall <u>not</u> be placed on Motion Calendar.

10. **<u>Motions for Protective Order</u>**:  Motions for Protective Order must be filed as soon as the grounds are known.  Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to **confer** regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court</u>.

11. **<u>Motions for Extension</u>**:  All Motions for Extension of Time SHALL BE SET TO BE HEARD WITHIN 7 DAYS OF THE MOTION BEING FILED and the Motion must state **<u>with specificity</u>** the reason why Extension is needed, the anticipated deadline for completion, and any extraordinary or compelling reasons to grant relief. The Court may rule upon submission of the Motion without a hearing. All Motions for Extension of Time must be preceded by a **meet and confer** with opposing **<u>counsel</u>** and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly if the Motion is Denied. **The failure to timely set the Motion for Extension to be heard will be deemed a waiver of any attempt to get an Extension**.

12. **<u>Dispositive Motions</u>**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should **confer** to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date</u>.  <u>Last minute cancellations are NOT ALLOWED</u>.

Composite Exhibit A

13. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

14. **Objections**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections **may not be extended even if the parties agree** and are due at the time the initial response is due.  **Failure to timely file these objections shall be deemed an express waiver of the objection**.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

15. **Documents made available for inspection and copying**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

16. **Privilege Logs**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P, AND **The item must at least be described by Author, primarily Recipient and all those copied, date, nature of document, and the same information as to all attachments printed out or opened in records for view**.

17. **The failure to timely provide the privilege log will result in the waiver of the privilege.** This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following:  written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action and solely kept between them and staff, experts, etc.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous.  ***In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client,** to assure that all are aware of the request and the consequences.

18. **Expert Disclosure**:  Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

19. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time. Refer to the above regarding motions for protective order.

20. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

21. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.  If the parties fail to mediate before the mediation deadline, sanctions will be imposed by the Court.  Failure to Mediate will not constitute just cause for a Trial Continuance.

22. **"Frustrated Lawyer/Pro-Se Rule"**

**Please see the 11th Judicial Circuit in and for Miami-Dade County Division 21 website – for assistance scheduling anything the other(s) in the file are making difficult.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 9th day of November, 2022.

2022-019376-CA-01 11-09-2022 12:07 P

2022-019376-CA-01 11-09-2022 12:07 PM
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Chad E. Levy, chad@levylevylaw.com

Chad E. Levy, assistant@levylevylaw.com

**Physically Served:**

Composite Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2022-019376-CA-01

LISA MARGO GUERTIN,

      Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

---

## **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant MHM HEALTH PROFESSIONALS, LLC ("Defendant") by and through its undersigned counsel, hereby answers each consecutively numbered paragraph of Plaintiff LISA MARGO GUERTIN's ("Plaintiff") Amended Complaint as follows:

### **INTRODUCTION**

1.      Defendant admits that Plaintiff purports to bring this proceeding for damages to remedy alleged age and handicap discrimination under the Florida Civil Rights Act of 1992, Florida Statutes §760 *et seq.* ("FCRA"). Defendant denies that there was a violation of the FCRA, or any other law and Defendant further denies that Plaintiff is entitled to recover any damages in the instant action.

### **JURISDICTION**

2.      Defendant admits that Plaintiff purports to invoke jurisdiction pursuant to the FCRA.

Composite Exhibit A

## VENUE

3.      Defendant admits that the alleged claims arose in this judicial circuit, but Defendant denies that there was a violation of the FCRA, or any other law.

## PARTIES

4.      Defendant admits that it employed Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Amended Complaint and denies the remaining allegations on that basis.

5.      Defendant admits that it employed Plaintiff and that it operates in this judicial circuit.  The remaining allegations contained in Paragraph 5 of the Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations.

6.      Defendant admits that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Amended Complaint and denies the remaining allegations on that basis.

## STATEMENT OF FACTS

7.      Defendant admits that Plaintiff began her employment with Defendant in 2017 and that Plaintiff worked as a Psychiatric Nurse Practitioner at the Homestead Correctional Institution. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Amended Complaint and denies the remaining allegations on that basis.

8.      Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was involved in an accident on October 9, 2020 that damaged her hearing and denies those allegations on that basis.  Defendant denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.      Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

11.      Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint, except Defendant admits that Plaintiff became a PRN.

12.      Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.      Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.      Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint, except Defendant admits that, in or around September 2021, Plaintiff was notified that her hours would be reduced.

15.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and denies them on that basis.

16.      Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint, except Defendant admits that Plaintiff and Dr. Karlene Sturgis had a conversation about an open position at Everglades Correctional Institution.

17.     Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint, except Defendant admits that Dr. Sturgis told Plaintiff that another individual had applied for the position at Everglades Correctional Institution.

18.     Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint, except Defendant admits that Plaintiff's employment was terminated.

<u>**COUNT I**</u>
<u>**FLORIDA CIVIL RIGHTS ACT OF 1992-DISABILITY DISCRIMINATION**</u>

Defendant incorporates by reference its responses to Paragraph 1 through 18 of the Amended Complaint and states as follows:

19.     Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph of Count I of the Amended Complaint.

<u>**COUNT II**</u>
<u>**FLORIDA CIVIL RIGHTS ACT OF 1992-FAILURE TO ACCOMMODATE**</u>

Defendant incorporates by reference its responses to Paragraph 1 through 18 of the Amended Complaint and states as follows:

22.     Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph of Count II of the Amended Complaint.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT OF 1992-AGE

Defendant incorporates by reference its responses to Paragraph 1 through 18 of the Amended Complaint and states as follows:

29.     Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint

Composite Exhibit A

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph of Count III of the Amended Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a jury trial.

## STATEMENT OF DEFENSES

As separate defenses and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

1. The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

3. Some or all of Plaintiff's claims may be barred, in whole or in part, to the extent that she failed to satisfy jurisdictional prerequisites, and other conditions precedent to bringing suit.

4. Plaintiff's claims are barred to the extent they exceed the scope of her Charge of Discrimination.

5. Some or all of Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and/or waiver.

6. Plaintiff's claims are barred to the extent that, if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant's consent, knowledge or ratification.

7.      Plaintiff's claim and/or damages are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination, which Defendant denies, Defendant would have reached the same decision absent any alleged discrimination.

8.      Plaintiff's claims may be barred to the extent that discovery shows that she engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in her separation if such conduct were then known to Defendant.

9.      Plaintiff's claims for damages may be barred, in whole or in part, to the extent that she has failed to reasonably mitigate her damages.  Defendant is entitled to an offset to the extent of any mitigation.

10.     To the extent that Plaintiff seeks an award of punitive damages, such damages are barred based on Defendant's good faith efforts to comply with the law.

Defendant reserves the right to amend or add any additional defenses that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Amended Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; and (c) grant such other and further relief as the Court deems just and proper.

Dated: December 8, 2022

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: */s/ Aaron Reed*

Aaron Reed
Florida Bar No. 557153
E-mail: areed@littler.com
Secondary E-mail: btapia@littler.com
Pooja Patel
Florida Bar No. 1025059
E-mail: ppatel@littler.com
Secondary E-mail: egarcia@littler.com

Counsel for Defendant

### <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 8th day of December 2022, a true and correct copy of

the foregoing document was filed with the Clerk of the Court via the My Florida E-Filing Portal

System, which will automatically email a copy of this document on all counsel of record or pro-se

identified on the Service List via the My Florida E-Filing Portal System, and that a copy was also

served, via E-mail, on: Chad E. Levy and David M. Cozad, Law Offices of Levy & Levy, P.A.

(Plaintiff's counsel), 1000 Sawgrass Corporate Parkway, Suite 588, Sunrise, Florida 33323; E-

mail: chad@levylevylaw.com; david@lebylevylaw.com assistant@lebylevylaw.com

*/s/ Aaron Reed*

Aaron Reed

4881-9898-7326.5

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2022-019376-CA-01

LISA MARGO GUERTIN,

     Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

     Defendant.

---

## DEFENDANT'S NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS, by and through the undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.340, hereby gives notice of propounding its First Set of Interrogatories to Plaintiff LISA MARGO GUERTIN, to be answered separately, fully, and under oath within thirty (30) days from the date of the Interrogatories.

DATED this 13th day of December 2022.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: */s/ Pooja Patel*

Aaron Reed
Florida Bar No. 557153
E-mail: *areed@littler.com*
Secondary E-mail: *btapia@littler.com*
Pooja Patel
Florida Bar No. 1025059
E-mail: ppatel@littler.com
Secondary E-mail: egarcia@littler.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of December 2022, a true and correct copy

of the foregoing document was filed with the Clerk of the Court via the My Florida E-Filing

Portal System, which will automatically email a copy of this document on all counsel of record

or pro-se identified on the Service List via the My Florida E-Filing Portal System, and that a

copy was also served, via E-mail, on: Chad E. Levy and David M. Cozad, Law Offices of Levy

& Levy, P.A. (Plaintiff's counsel), 1000 Sawgrass Corporate Parkway, Suite 588, Sunrise,

Florida        33323;        E-mail:        chad@levylevylaw.com;        david@lebylevylaw.com

assistant@lebylevylaw.com

/s/ *Pooja Patel*
Pooja Patel

4855-6093-4467.1

2

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2022-019376-CA-01**
**SECTION:** **CA21**

**Lisa Margo Guertin**
**Plaintiff(s),**

vs.

**MHM HEALTH PROFESSIONALS, LLC**
**Defendant(s)**

_____/

**LIVE/IN-PERSON**
**UNIFORM ORDER SETTING CAUSE**
**FOR JURY TRIAL,  MEDIATION,  AND**
**PRE-TRIAL INSTRUCTIONS**

THIS CAUSE is hereby set for jury trial before the undersigned Judge at the Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130, Room _____**626**_____ for the __**3**__ week period commencing:

_____**07-10-2023**_____, or as soon thereafter as the same may be heard.

ALL ATTORNEYS, pursuant to Fla. R. Civ. P. 1.200., are directed to appear before the undersigned Judge at the Dade County Courthouse for:

**Calendar Call** on __**06-30-2023 at 8:00 AM**__ .

All attorneys appearing at the Calendar Call shall be **thoroughly familiar** with the cause and be prepared to consider and determine such matters as are set forth in Fla. R. Civ. P. 1.200(b). Failure to appear as directed or to otherwise strictly comply with the terms of this Order may result in sanctions, including, but not limited to, the dismissal of the action, striking of pleadings, limiting of proof, striking a witness or such other actions as the Court may deem proper.

It is further Ordered and Adjudged as follows:

**IN THE EVENT OF CONFLICTING DEADLINES, PREVIOUSLY ENTERED CASE MANAGEMENT ORDERS (CMO) OR SCHEDULING ORDERS MUST BE FOLLOWED. THE EARLIEST APPLICABLE DEADLINE WILL BE ENFORCED. THE CMO/SCHEDULING ORDER SUPERSEDES ANY CONFLICTING DEADLINES ESTABLISHED BY THIS TRIAL ORDER.  DO NOT RELY ON THIS TRIAL ORDER TO EXTEND ANY PRIOR DEADLINES.**

Composite Exhibit A

1.      The parties shall do all things necessary to **assure availability of their witnesses** for the **entire trial period** or to otherwise **preserve their testimony** for trial as provided by Florida Rules of Civil Procedure. See Fla. R. Civ. P. 1.300 and 1.460.  See Fla. R. Jud. Adm. 2.085.

2.      At least **ninety (90) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of the proper names and addresses of all witnesses** who are expected to testify in this cause, including all "hybrid" witnesses who may be considered a fact witness and also give expert testimony.

3.      At least **sixty (60) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of the proper names and addresses of all expert witnesses** retained by the parties **who are expected to testify at the trial of this cause**.  The parties shall also list the **specialty** of each expert, what **element of the case** the expert will express opinions on (standard of care, causation, damages, etc.), and provide all parties a copy of the **experts' report(s)**, if applicable, and/or provide a short summary of the testimony expected from each expert pursuant to Fla. R. Civ. P.1.280(b)(5).  Each party is limited to **one expert per specialty**.

4.      **Upon receipt of opposing counsel's expert witness disclosure**, each party shall have **fifteen (15) days to list the proper names of additional rebuttal experts or impeachment witnesses**.  The parties shall follow the instructions in paragraph 3 with regards to the information accompanying the listing of additional experts retained by the parties.

5.      At the time of the Calendar Call, if necessary, counsel for each party will file any objections to the **authenticity** of any records or evidence produced during discovery that are expected to be introduced into evidence so as to put all parties on notice of the need for a records custodian witness.  Failure to timely file such objection will be deemed as a waiver of any objection to authenticity.  All other substantive objections are preserved.

6.      **All compulsory medical evaluations** pursuant to Fla. R. Civ. P. 1.360 shall be completed at least **forty-five (45) days prior** to the first day of the trial period set forth herein.

7.      At least **thirty (30) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of all exhibits** intended to be introduced as evidence at trial and make these exhibits available to opposing counsel for examination and inspection, including the **initialing** of the exhibits **no later than five (5) days prior** to the first day of the trial period.

8.      *Daubert* motions shall be <u>filed</u> **thirty (30) days prior to the first day of the trial period.  Hearing on these motions shall be set NOT LATER THAN fifteen (15) days prior** to the first day of the trial period.  At the time of the Calendar Call, each party shall make known to opposing counsel and the court all substantive motions, including all motions in limine, that still need to be ruled upon prior to trial.  Failure to do so may be deemed an abandonment of any pending motion(s).  **<u>If any *Daubert* motion has been timely filed and not heard, it shall be brought to the attention of the Court at Calendar Call.</u>**

9.      **Discovery shall be concluded at least fifteen (15) days prior** to the first day of the trial period set forth herein.  Any further discovery must be conducted by the written stipulation of all parties or leave of the Court.

10.      **Ten (10) days prior** to the first day of the trial period, the parties shall file their page-line **designation for depositions** that they intend to read or play at trial; the opposing party shall have **five (5) days thereafter to file objections** and/or counter-designations.

11.      **Mediation** shall be completed *prior to the Calendar Call* to either resolve the case or narrow the issues. The parties shall immediately notify the Court in the event of settlement and submit a Stipulation and Order of Dismissal.  As well, the parties shall advise the Court of the cancellation of any pending hearings. **<u>The parties are ordered to mediate this cause pursuant to attached exhibit which is incorporated in this order</u>**.

12.      The parties are directed to exchange **proposed jury instructions** and verdict forms at the time of the Calendar Call.  **At least three (3) days before commencement of the trial period** the parties shall agree on as many jury instructions as possible and be prepared to submit the agreed instructions to the court as well as designate to the court the proposed instructions in dispute.

13.      **Should the parties believe that a different schedule is required for the efficient administration of this matter, they are encouraged to meet and develop a joint stipulated order and/or set a case management conference pursuant to Fla. R. Civ. P. 1.200.  <u>If parties expect that the case will require a pretrial conference, they should request and schedule same sufficiently in advance of trial to permit same to be scheduled</u>**.

14.      Failure to list a witness or exhibit pursuant to this order may result in the exclusion of that witness or exhibit from trial.

15.      Should this matter be continued or not reached during the trial docket set forth herein, each time limitation and provision contained herein shall apply to the **new trial** date.

16. All time periods herein refer to calendar days.

   **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this
   __**30th day of January, 2023**__   .

2022-019376-CA-01 01-30-2023 8:19 AM

_____
2022-019376-CA-01 01-30-2023 8:19 AM

 **David C. Miller**
CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

Copies Furnished to:
chad@levylevylaw.com
harris@levylevylaw.com
assistant@levylevylaw.com
areed@littler.com
btapia@littler.com

## EXHIBIT TO TRIAL ORDER:
## <u>REFERRAL TO MEDIATION</u>

Pursuant to Chapter 44 of the Florida Statutes and Rules 1.700 – 1.730, Florida Rules of Civil Procedure, the above-styled cause is hereby referred to mediation.  Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a Mediator.  Mediation is private, confidential, and privileged from process and discovery.  After mediation, the Mediator shall file a report in accordance with Rule 1.730, Florida Rules of Civil Procedure.

### <u>Selection of Mediator</u>

**(1)**   Within fifteen (15) days of this Order of Referral, the parties may mutually agree upon the designation of any certified Mediator of their choice.  If an agreement is reached, the plaintiff or petitioner shall, within the time period set forth above, file with the Clerk of the Court, and serve upon the parties, the agreed-upon Mediator, and the Court a  "<u>Notice of Stipulation of Mediator</u>" which shall identify the name, address, telephone number and email of the Mediator.  Upon filing the "<u>Notice of Stipulation of Mediator</u>," said Mediator shall be deemed designated to mediate without further Order of Court.

**(2)**   In the event the parties are unable to agree upon the selection of a mediator within the time frame set forth above, the plaintiff or petitioner shall, within twenty (20) days of this Order of Referral, prepare a "<u>Request for Appointment of Mediator</u>" certifying that notwithstanding a good faith effort to agree, the parties were unsuccessful in so doing and requesting the Mediation Division provide the next available mediator from the rotating list of Certified Mediators.  Said "<u>Request for Appointment of Mediator</u>" shall be filed with the Clerk of the Court and a copy emailed to the Mediation Division, [MediationDivision@jud11.flcourts.org](mailto:MediationDivision@jud11.flcourts.org).

### <u>Payment of Mediator's Fees</u>

**(3)**   Fees for the mediation are to be divided and borne equally by the parties unless**:**
      a. otherwise agreed to by the parties, in writing;
      b. otherwise provided by court order; or

**(4)**   The Mediator shall be compensated at the Mediator's established hourly rate (unless otherwise agreed by the Mediator and parties), with a 2-hour minimum. This minimum 2-hour fee shall be paid at least seven (7) days prior to the scheduled mediation, and the balance of the fee, if any, shall be paid at the conclusion of the mediation. However, any Mediator selected pursuant to paragraph (2) above, from the rotating list of Certified Mediators in the Mediation Division, shall be compensated at a rate of $125.00 per hour, unless otherwise agreed to by the Mediator and the parties. Counsel for the respective parties are responsible for financial arrangements with their clients and timely payment of mediation fees.

**Scheduling Mediation**

**(5)**    The parties and designated Mediator are ordered and directed to proceed with mediation in accordance with the Rules of Civil Procedure. Mediation shall be completed prior to the Calendar Call.

**(6)**    Within fifteen (15) days of this Order of Referral, any party may file a motion with the court to defer the mediation. The movant shall set the Motion to Defer for hearing prior to the scheduled date for mediation. Notice of the hearing shall be provided to all interested parties, including any Mediator who has been appointed. The motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation shall be tolled until disposition of the motion.

**Required Attendance at Mediation**

**(7)**    Personal appearance of counsel, and each party or representative of each party with authority to enter into a full and complete compromise and settlement, <u>without further consultation</u>, is mandatory at mediation.  If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

**Change/Cancellation of Scheduled Mediation**

**(8)**    Written notice to the Mediator of any change or cancellation of the scheduled mediation must be given at least seventy two (72) hours prior to the scheduled mediation. Failure to provide such notice shall result in the imposition of the two (2) hour minimum fee paid by the canceling party to the Mediator, unless the Court orders otherwise for exceptional circumstances beyond the parties' control or the Mediator agrees to waive same.

**Dispensing with Mediation**

**(9)**    A party may move, within fifteen (15) days of the Order of Referral, to dispense with mediation, if:
> (a)    the issue to be considered has previously been mediated between the same parties pursuant to Florida law;
> (b)    the issue presents a question of law only;
> (c)    other good cause is shown.

**Sanctions for Non-Compliance**

**(10)**    If any of the parties fails to comply with the obligations set forth herein to ensure that mediation is accomplished expeditiously, the court may, on its own motion or on motion of any party, dismiss the case, strike pleadings, enter default, remove the case from the trial calendar, or impose any other sanctions that it may deem appropriate under the circumstances.

Filing # 166454423 E-Filed 02/09/2023 09:59:19 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE No.: 2022-019376-CA-01

LISA MARGO GUERTIN,

      Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

---

## JOINT MOTION TO AMEND
## TRIAL PERIOD AND PRETRIAL DEADLINES

      Plaintiff, LISA MARGO GUERTIN ("Plaintiff") and Defendant, MHM HEALTH

PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS ("Defendant"), pursuant to

paragraph #13 of the Court's Uniform Order Setting Cause for Jury Trial, Mediation, and Pre-Trial

Instructions (hereafter the "Uniform Trial Order"), hereby jointly move to amend the trial period

and pretrial deadlines.  In support of this Motion, the Parties state as follows:

      1.      On October 8, 2022, Plaintiff filed the instant action asserting claims of disability

discrimination in violation of the Florida Civil Rights Act ("FCRA") (Count I); failure to

accommodate in violation of the FCRA (Count II); and age discrimination in violation of the

FCRA (Count III).  *See* Dkt. No. 2.  Plaintiff's original Complaint named Centene Corporation,

which was not a properly named entity. *Id.*

      2.      On October 14, 2022, Plaintiff filed an Amended Complaint that contained the

same three causes of action that were in the original Complaint.  *See* Dkt. No. 5.  The Amended

Complaint dropped Centene Corporation and instead named MHM Health Professionals, LLC

d/b/a Centurion Professionals as the sole defendant. *Id.*

1

Composite Exhibit A

3.      After agreeing to waive service, Defendant filed a timely Answer on December 8, 2022.  This was Defendant's first appearance in the instant action.  *See* Dkt. No. 8.

4.      On November 9, 2022, the Court issued an Order to Complete and Comply with Case Scheduling and Management Order.  *See* Dkt. No. 7.  In the Order, the Court instructed Plaintiff's counsel to file a Completed Case Scheduling/Management Order "within 60 days of the entry of the Order or the appearance of the first Defendant whichever occurs last."  *Id.*

5.      Since Defendant's first appearance was after the Order was entered, the due date for the filing of a Completed Case Scheduling/Management Order was February 6, 2023 (*i.e.,* 60 days from December 8, 2022).

6.      On January 30, 2023, the Court issued a Uniform Trial Order.  *See* Dkt. No. 10. The Order sets trial for the three-week period commencing on July 10, 2023, with calendar call on June 30, 2023.  The Uniform Trial Order also set deadlines for the completion of various pretrial actions, including, but not limited to: (1) witness lists (to be filed at least ninety (90) days prior to the first day of the trial period); (2) expert disclosures (to be filed at least sixty (60) days prior to the first day of the trial period); (3) exhibit lists (to be filed at least thirty (30) days prior to the first day of the trial period); (4) *Daubert* motions (to be filed at least thirty (30) days prior to the first day of the trial period and a hearing on such motions no later than fifteen (15) days prior to the first day of the trial period); (5) discovery to be completed at least fifteen (15) days prior to the first day of the trial period; and (6) mediation to be completed prior to the Calendar Call

7.      The Parties had intended to submit a Completed Case Scheduling/Management Order February 6, 2023, in compliance with the deadline set in the Court's November 9, 2022, Order.  However, the Uniform Trial Order was issued before the Parties were able to do so.

2

Composite Exhibit A

8.      Paragraph 13 of the Uniform Trial Order states: "[s]hould the parties believe that a different schedule is required for the efficient administration of this matter, they are encouraged to meet and develop a joint stipulated order."

9.      The Case Scheduling/Management Order that the Parties intended to request included a trial period in October 2023, and pretrial deadlines that flow back from that date. Counsel for the Parties have worked together amicably on numerous cases in the past, and they agreed that such a schedule would allow each party a sufficient and appropriate amount of time to engage in all necessary discovery, prepare and file any dispositive motions, set any such motions for hearing, and conduct mediation at an appropriate time.

10.      Accordingly, the Parties respectfully request that the Court amend the trial period and pretrial deadlines set in the Uniform Trial Order.   A proposed Joint Stipulated Case Scheduling/Management Order is attached as Exhibit A.

11.      This Motion is made in good faith, is not interposed for purposes of delay, and will not prejudice any party to these proceedings. To the contrary, the Parties are seeking this relief to avoid any potential prejudice regarding their ability to accomplish all necessary tasks to pursue and defend the claims.

WHEREFORE, for all the foregoing reasons, the Parties respectfully request that this Court enter the proposed Joint Stipulated Case Scheduling/Management Order and grant such further relief that the Court deems just and proper.

**Composite Exhibit A**

Dated this 9th day of February 2023.

Respectfully submitted,

| LAW OFFICES OF LEVY & LEVY, P.A.<br>1000 Sawgrass Corporate Parkway<br>Suite 588<br>Sunrise, Florida 33323<br>Tel: (954) 763-5722<br>Fax: (954) 763-5723<br><br><br>By: */s/ Chad E. Levy*<br>Chad E. Levy<br>Florida Bar No. 0851701<br>E-mail: chad@levylevylaw.com<br>David M. Cozad<br>Florida Bar No. 333920<br>E-mail: david@levylevylaw.com<br><br>*Counsel for Plaintiff* | LITTLER MENDELSON, P.C.<br>Wells Fargo Center<br>333 S.E. 2nd Avenue, Suite 2700<br>Miami, Florida 33131<br>Tel: (305) 400-7500<br>Fax: (305) 603-2552<br><br><br>By: */s/ Pooja Patel*<br>Pooja Patel<br>Florida Bar No. 1025059<br>E-mail: ppatel@littler.com<br>Aaron Reed<br>Florida Bar No. 557153<br>E-mail: areed@littler.com<br><br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February 2023, a true and correct copy of the foregoing document was filed with the Clerk of the Court via the Florida Courts E-Filing Portal and that service was performed via an email generated by the Florida Courts e-filing Portal to all counsel of record listed below:

Chad Levy and David M. Cozad
LAW OFFICES OF LEVY & LEVY, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
E-mail: chad@levylevylaw.com
E-mail: david@levylevylaw.com

/s/ Pooja Patel
Pooja Patel

4870-1556-1551.3

4

Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE No.: 2022-019376-CA-01

LISA MARGO GUERTIN,

      Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

_____

## PROPOSED JOINT STIPULATED AMENDED
## CASE SCHEDULING/MANAGEMENT PLAN

      Pursuant to this Court's Uniform Order Setting Cause for Jury Trial, Mediation, and Pre-Trial Instructions entered on January 30, 2023, the Parties have conferred and propose the following case management track:

**Case Track Assignment (check one)**

☐_____      **Streamlined:**
          (Case has relatively narrow issues. It appears that limited discovery will be required. All motions shall be promptly scheduled and discovery shall be completed no later than 230 days of filing of the complaint.)

☒_____      **Standard:**
          (Case has a range of issues. All motions shall be promptly scheduled and discovery shall be completed no later than 365 days of filing of the complaint.)

☐_____      **Complex:**
          (Case has a range of complicated legal or evidentiary issues or is complex due to the number of parties or level of conflict in the case. Discovery should be completed no later than 540 days after filing of complaint.)

Composite Exhibit A

| | |
|---|---|
| **Jury Trial Date** | October 2, 2023<br>*(3 week trial period)* |
| **Calendar Call** | September 22, 2023<br>8:00 am |
| **Final Case Management Conference Date** | N/A at this time |
| **Final Pre-Trial Conference Date** | N/A at this time |
| **Number of Trial Days Requested** | Four (4) days |
| **Deadline to File Trial Witness Lists** | July 7, 2023 |
| **Plaintiff/Counter-Defendant Expert Witnesses Designated, And Reports Due** | July 14, 2023 |
| **Defendant/Counter-Plaintiff and Third Party Defendant Expert Witnesses Designated, And Reports Due** | July 14, 2023 |
| **Rebuttal Expert Reports Due** | July 28, 2023 |
| **Deadline to Complete Fact and Expert Discovery -this includes all compulsory medical evaluations** | August 18, 2023 |
| **Deadline to File Dispositive & *Daubert* Motions** | August 25, 2023 |
| **Deadline to File Trial Exhibit Lists** | September 1, 2023 |
| **Deadline to file Motions in Limine** | September 1, 2023 |
| **Deadline to Complete Mediation** | September 1, 2023 |

2

Composite Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE No.: 2022-019376-CA-01

LISA MARGO GUERTIN,

      Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

## ORDER APPROVING CASE MANAGEMENT PLAN

**THE COURT** having reviewed the proposed Joint Stipulated Amended Case Scheduling Management Plan, it is hereby **ORDERED AND ADJUDGED** that the Joint Stipulated Amended Case Scheduling/Management Plan is hereby approved and adopted and the parties shall abide the terms set forth herein**.** Except as modified by the Joint Stipulated Amended Case Scheduling/Management Plan, all other Trial and Pre-Trial Instructions in the Court's January 30, 2023 Uniform Trial Order shall remain in full force and effect.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this _____ day of February 2023.

_____
Hon. David C. Miller
**CIRCUIT COURT JUDGE**

Copies Furnished To:
All Counsel of Record

4857-9148-0143.2 / 108840-1093

3

Composite Exhibit A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-019376-CA-01
SECTION: CA21
JUDGE: David C. Miller

**Lisa Margo Guertin**

Plaintiff(s)

vs.

**MHM HEALTH PROFESSIONALS, LLC**

Defendant(s)

_____/

### <u>ORDER DENYING JOINT MOTION TO AMEND TRIAL PERIOD AND PRETRIAL DEADLINES</u>

    **THE COURT** having reviewed the proposed Joint Stipulated Amended Case Scheduling Management Plan (filed 2/9/23), it is;

**ORDERED AND ADJUDGED** that the Joint Stipulated Amended Case Scheduling/Management Plan is NOT approved.

The Trial Order entered on 1/30/23 stands.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>10th day of February, 2023</u>.

2022-019376-CA-01 02-10-2023 6:17 AM
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

Composite Exhibit A

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Aaron J. Reed, areed@littler.com
Aaron J. Reed, btapia@littler.com
Chad E. Levy Levy, chad@levylevylaw.com
Chad E. Levy Levy, harris@levylevylaw.com
Chad E. Levy Levy, assistant@levylevylaw.com
Pooja Kiran Patel, ppatel@littler.com
Pooja Kiran Patel, ergarcia@littler.com

**Physically Served:**

Composite Exhibit A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LISA MARGO GUERTIN,           CASE NO.: 2022-019376-CA-01

      Plaintiff,

vs.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

_____/

## **NOTICE OF SELECTION OF MEDIATOR**

Plaintiff, by and through her undersigned counsel, and pursuant to this Court's Order, hereby files this Notice that the Parties have selected Marlene Quintana, Esq. of GrayRobinson, P.A., as the mediator in this action.

Dated: February 14, 2023.      Respectfully submitted,

      Law Offices of Levy & Levy, P.A.
      1000 Sawgrass Corporate Parkway, # 588
      Sunrise, Florida 33323
      Telephone: (954) 763-5722
      Facsimile: (954) 763-5723
      Email: chad@levylevylaw.com
      Service Email: assistant@levylevylaw.com
      *Counsel for Plaintiff*

      */s/ Chad Levy*
      CHAD E. LEVY, ESQ.
      F.B.N.: 0851701

Composite Exhibit A

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

Electronic Mail to:

Aaron Reed
Florida Bar No. 557153
E-mail: areed@littler.com
Secondary E-mail: btapia@littler.com
Pooja Patel
Florida Bar No. 1025059
E-mail: ppatel@littler.com
Secondary E-mail: egarcia@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552
*Counsel for Defendant*

On February 14, 2023.

/s/ *Chad Levy*
CHAD E. LEVY, ESQ.

Composite Exhibit A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2022-019376-CA-01

LISA MARGO GUERTIN,

      Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION PROFESSIONALS,

      Defendant.

---

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION PROFESSIONALS ("Defendant"), by and through the undersigned counsel, hereby files this Notice of Filing Notice of Removal and states as follows:

1.      On or about October 8, 2022, Plaintiff filed a Complaint in this matter, which she Amended on October 14, 2022, alleging claims under the Florida Civil Rights Act.

2.      On February 22, 2023, Defendant filed a Notice of Removal in the United States District Court for the Southern District of Florida, Miami Division, based on diversity jurisdiction. A copy of Defendant's Notice of Removal filed in Federal Court along with all supporting documents is attached as Exhibit 1.

3.      Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal with the United States District Court for the District of Florida, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

Composite Exhibit A

DATED this 22nd day of February 2023.        Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By: */s/ Aaron Reed*
       Aaron Reed
       Florida Bar No. 0557153
       E-mail: *areed@littler.com*
       Secondary E-mail: *btapia@littler.com*
       Pooja Patel
       Florida Bar No. 1025059
       E-mail: *ppatel@littler.com*
       Secondary E-mail: *btapia@littler.com*

Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 22nd day of February 2023, a copy of the foregoing has been e-filed with the Florida Courts E-filing portal, upon: Chad E. Levy and David M. Cozad, Law Offices of Levy & Levy, P.A. (Plaintiff's counsel), 1000 Sawgrass Corporate Parkway, Suite 588, Sunrise, Florida 33323; E-mail: *chad@levylevylaw.com; david@lebylevylaw.com; assistant@lebylevylaw.com*.

*/s/ Aaron Reed*
Aaron Reed

4874-6416-6992.3

Composite Exhibit A